IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

JUAN A. STEWART,

       Petitioner,  :  Case No. 2:22-cv-1151

- vs -  District Judge Michael H. Watson
Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
 Institution,

:
       Respondent.

## DECISION AND ORDER DENYING MOTION TO EXPAND THE RECORD

This habeas corpus case, brought pursuant to 28 U.S.C. § 2254 with the assistance of counsel, is before the Court on Petitioner's Motion to Expand the Record (ECF No. 12). Petitioner seeks to add State's Exhibits Y, Y1, Y2, and Y3 to the State Court Record in this Court.

Because these exhibits were admitted in evidence, albeit over Petitioner's strong objection, expanding the State Court Record now to include them would not tread on Supreme Court limitations on extra-record expansions announced in *Cullen v. Pinholster*, 563 U.S. 170 (2011), and *Shinn v. Martinez Ramirez,* 596 U.S. ___, 2022 WL 1611786 (Apr. 23, 2022). The exhibits are plainly relevant to Petitioner's First Ground for Relief which consists of a claim that these exhibits were improperly admitted a propensity evidence in violation of his constitutional right to a fair trial.

Omission of these exhibits from the State Court Record as initially filed does not violate

1

either the Rules for § 2254 Proceedings or the Court's Order for Answer (ECF No. 2). The question of whether to expand the record to include these exhibits is within the discretion of this Court. Habeas Rule 7 provides "the judge may direct the parties to expand the record . . . ," implying that expansion is discretionary and the Sixth Circuit has also reached that conclusion. *Ford v. Seabold*, 841 F.2d 677, 691 (6th Cir. 1988).

Nevertheless, the Motion to Expand is DENIED for two reasons. First of all, the Magistrate Judge believes the content of these still photographs[1], which the Court understands to have been extracted from a video recording, is adequately described in text so that having the actual still photos will not materially aid the analysis.

Second, the exhibits in question are not in counsel's hands and therefore presumably would have to be obtained from the Franklin County Prosecutor's Office. Particularly if that subpoena were resisted, expanding the record could add substantially to the time needed to decide this case.

June 9, 2022.

s/ *Michael R. Merz*<br>United States Magistrate Judge

---

[1] The Magistrate Judge understands these exhibits were captured from video posted to Petitioner's Facebook page and their authenticity (but not admissibility) was stipulated.