# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT COLUMBUS

JUAN A. STEWART,

|                          |   |                                  |
|--------------------------|---|----------------------------------|
| Petitioner,              | : | Case No. 2:22-cv-1151            |
| - vs -                   |   | District Judge Michael H. Watson |
|                          |   | Magistrate Judge Michael R. Merz |
| WARDEN, Belmont Correctional Institution, |   |          |
|                          | : |                                  |
| Respondent.              |   |                                  |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner Juan Stewart brought this habeas corpus case with the assistance of counsel to obtain relief from his convictions in the Franklin County Court of Common Pleas for murder and having weapons under disability. The Magistrate Judge filed a Report and Recommendations (R&R) recommending dismissal with prejudice (ECF No. 14), Petitioner objected (ECF No. 15), and District Judge Watson has recommitted the case for reconsideration in light of the Objections (Recommittal Order, ECF No. 16).

**Ground One: Admission of Improper Evidence of Prior Bad Acts**

The murder in this case occurred in January 2015. In November 2014 someone made a video recording of Petitioner firing a gun which was then posted on Stewart's Facebook page and later introduced in evidence in his second trial in August 2019. Petitioner had objected to this

1

evidence under Ohio R. Evid. 404 as propensity evidence. On appeal the Ohio Tenth District Court of Appeals agreed, but held it did not make the proceeding unfair because of the other strong evidence against Stewart. *State v. Stewart*, 2020-Ohio-5344 ¶ 42 (Ohio App. 10th Dist. Nov. 19, 2020), appellate jurisdiction declined, 161 Ohio St.3d 1452 (2021).

Respondent argued this claim was not cognizable in habeas corpus. Having review closely all the precedent cited by Petitioner, the undersigned agreed. Stewart writes in his Objections:

> Stewart concedes that not every evidentiary ruling will result in a due process violation so egregious that it offends the United States Constitution. However, it is apparent from the aforementioned cases that there are some instances where it is appropriate to review an "other acts" claim in the context of the constitutional rights to due process and to a fair trial. Thus, to suggest that Stewart's claim is not cognizable in habeas corpus is contrary to existing caselaw.

(Objections, ECF No. 15, PageID 1091).

Stewart's argument conflates two propositions of law. One is that there are some state evidentiary rulings which are so unfair that they would violate the Due Process Clause. For example, if a judge had his pastor sit in trial and give the jury his opinion of a defendant's guilt or innocence, that would clearly be unfair. Petitioner is correct that precedent supports the proposition that there can be such fundamentally unfair evidentiary rulings which can be corrected in habeas. *Bey v. Bagley*, 500 F.3d 514, 519-20 (6th Cir. 2007); *Bugh v. Mitchell,* 329 F.3d 496 (6th Cir. 2003), *citing Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2000).

The other proposition of law which the Supreme Court precedent does **not** support is that admission of propensity evidence – other bad acts evidence -- can be so fundamentally unfair as to offend due process. The Sixth Circuit has expressly so held: "There is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh* at 512, noting that the Supreme Court

refused to reach the issue in *Estelle v. McGuire*. 502 U.S. 62 (1991).  Thirty years later the Supreme Court still has not held that admission of propensity evidence can offend due process.  One can certainly hypothesize that it might do so, but it is Supreme Court holdings as of the time of the state court ruling that count.  "'Clearly established federal law, as determined by the Supreme Court of the United States" refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  *Terry Williams v. Taylor*, 529 U.S. 362,  412 (2000).  Only those parts of a Supreme Court decision that are "integral to the holding" constitute clearly established Supreme Court law for purposes of 28 U.S.C. § 2254(d).  *Ross v. Petro,* 515 F.3d 652, 662 (6th Cir. 2008).  A circuit court cannot use circuit precedent to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that the Supreme Court has not announced.  *McCarley v. Kelly*, 801 F.3d 652, 660 (6th Cir. 2015), quoting *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013).


**Ground Two:  Conviction Based on Insufficient Evidence**


In his Second Ground for Relief, Stewart claims he was convicted on insufficient evidence.

The Objections agree with the Report that the standard for sufficient evidence is set by *Jackson v. Virginia*, 443 U.S. 307 (1979).  Likewise Petitioner and the Magistrate Judge agree this case was tried and argued solely on the competing inferences to be drawn from the circumstantial evidence offered at trial.  Those possible inferences were all argued to the jury.  The strongest evidence, in the Magistrate Judge's mind, is that Stewart was plainly identified as near the scene of the crime within a short time before it occurred, that he was the major contributor of DNA on the gun forensically identified as the murder weapon, and he was also the major contributor of

3

DNA on the baseball cap recovered at the scene.  But the standard on a sufficiemcy claim is not whether the evidence is persuasive to the habeas court.  Here the jury herd all the same evidence and arguments about plausible inferences from the evidence and was persuaded by it beyond a reasonable doubt.  Applying the same standard, the Ohio Tenth District Court of Appeals affirmed. Under the AEDPA, we are bound to be doubly deferential in these circumstances.  *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 567 U.S. 37, 43 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

The Magistrate Judge remains unpersuaded that Stewart has shown entitlement to a certificate of appealability.  Stewart has cited no Supreme Court precedent finding that admission of prior bad acts evidence makes a trial unfair and the Sixth Circuit has held there is no such Supreme Court precedent.  *Bugh, supra.*  Regarding the second ground, Stewart has cited no case in which a habeas court has held a finding of sufficiency on as much circumstantial evidence as was presented here is objectively unreasonable.

The Petition should be dismissed with prejudice.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond

4

to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

June 23, 2022.

s/ *Michael R. Merz*
United States Magistrate Judge

#