UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Juan A. Stewart,

        Petitioner,                        Case No. 2:22-cv-1151

    v.                                    Judge Michael H. Watson

Warden Belmont Correctional        Magistrate Judge Merz
Institution,

        Respondent.

## OPINION AND ORDER

Juan A. Stewart ("Petitioner") objects to aspects of the Report and Recommendations ("R&R") issued by the Magistrate Judge in this habeas corpus case. Obj., ECF Nos. 15 & 18. The Court **OVERRULES** Petitioner's objections and **ADOPTS** both R&Rs for the reasons addressed herein.

### I.    PROCEDURAL HISTORY

In September 2016, Petitioner was indicted on one count of purposeful murder, one count of felony murder, and one count of having a weapon under disability. *State v. Stewart*, 2020-Ohio-1245, 2020 WL 6799146, at *1 (Ohio Ct. App. Mar. 31, 2020) (hereinafter "*Stewart*"). All the charges were related to the death of Edward L. Williams, who had been shot a year-and-a-half earlier while sitting in his car. *Id.*

At Petitioner's first trial, the trial judge found Petitioner guilty of the weapon under disability charge, but the jury could not reach a verdict on the two murder

charges. *Id.* At Petitioner's second trial in August 2019, a jury convicted Petitioner of both murder counts and accompanying firearm specifications. *Id.* at * 3. The trial judge convicted him of associated violent offender specifications. *Id.* The trial court then sentenced him to twenty-two years' to life imprisonment. *Id.*

Petitioner directly appealed all of his convictions to the Tenth District Court of Appeals, which affirmed all of the convictions. *See generally id.* The Supreme Court of Ohio declined jurisdiction over Petitioner's case. *State v. Stewart*, 163 N.E.3d 584 (Table) (Ohio 2021).

Petitioner then filed this habeas petition, in which he raises two grounds for relief: (1) the trial court committed "prejudicial error" by admitting "other acts" evidence, thereby depriving Petitioner of a fair trial; and (2) the murder convictions (and related firearm specifications) were not supported by sufficient evidence.[1] Pet., ECF No. 1.

## II.    REPORT AND RECOMMENDATION

Pursuant to the Court's General Orders, Magistrate Judge Merz issued an R&R on Petitioner's Petition. R&R, ECF No. 14. The R&R recommends dismissing Ground One for failure to state a claim on which habeas relief can be granted and Ground Two because the Tenth District's determination that

---

[1] At times, Petitioner has referred to his second ground as "against the manifest weight of the evidence." See Pet., ECF No. 1. However, his most recent objection frames the arguments as "sufficiency of the evidence." *See* ECF No. 18.

Case No. 2:22-cv-1151                                                                 Page 2 of 9

Petitioner's convictions were not against the manifest weight of the evidence was not unreasonable. *Id.* at 3–22. Petitioner timely objected to various portions of the R&R, ECF No. 15, and the Court recommitted the matter to the Magistrate Judge for further consideration, ECF No. 16. The Magistrate Judge then issued a Supplemental R&R, which still recommended dismissing both Grounds. Supp. R&R, ECF No. 17. Petitioner has timely objected to the Supplemental R&R. ECF No. 18.

### III. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 72(b), the Court determines de novo those portions of the R&R that were properly objected to.

### IV. ANALYSIS

Petitioner objects to the Magistrate Judge's conclusions as to both Grounds One and Two. *See generally*, Obj., ECF. No. 18. The Court considers each in turn.

#### A. Ground One

Petitioner argues that the trial court committed prejudicial error by admitting "other acts" evidence at his second trial. At trial, the prosecution sought to admit a video (and still pictures captured from the same) showing Petitioner shooting a gun at a party several years before the murder. Tr. Transcript, ECF No. 7-3 at PAGEID ## 746–84. Defense counsel objected on the grounds that the video was impermissible "other acts" evidence. *Id.* The trial court noted that the firearm in the video appeared to be similar to the one used in

the murder but that "nobody can say it's the same gun." *Id.* The trial court admitted the video and pictures with a limiting instruction. *Id.* at PAGEID ## 771–72. It told the jury they could consider whether the gun in the images appeared to be the same gun in the case before them and also warned that they could not consider the images "as bad character evidence or that [Petitioner is] guilty of this charge simply because he had a firearm from an earlier time." *Id.*

As Petitioner recognizes, "state evidentiary issues are not cognizable on federal habeas review" as a general rule. *Elatrache v. Jackson*, No. 20-1881, 2020 WL 8816473, at *4 (6th Cir. Dec. 23, 2020) (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)). However, if an "evidentiary ruling is so egregious that it results in a denial of fundamental fairness, it may violate due process and thus warrant habeas relief." *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003) (citing cases). The Supreme Court has "defined the category of infractions [of state law] that violate 'fundamental fairness' very narrowly." *Estelle*, 502 U.S. at 73 (internal quotation marks and citations omitted). Typically, "state-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Bugh*, 329 F.3d at 512 (cleaned up).

Here, Petitioner cannot show that the trial court's decision to admit the "other acts" evidence was contrary to clearly established Supreme Court precedent. He cannot do that because "there is no clearly established Supreme Court precedent which holds that a state violates due process by permitting

propensity evidence in the form of other bad acts evidence." *Elatrache*, 2020 WL 8816473, at *4 (internal quotation marks and citations omitted). In the absence of such precedent, it was not "contrary to" clearly established federal law for the trial court to admit the "other acts" evidence with a limiting instruction. *Id.* ("[T]he admission of such [bad acts] evidence is not 'contrary to' clearly established federal law.").

Accordingly, Petitioner's objections as to Ground One are **OVERRULED**.

## B. Ground Two

In Ground Two, Petitioner argues that his murder convictions were not supported by sufficient evidence. To start, Petitioner did not raise a sufficiency-of-the-evidence argument before the state appellate court; instead, he argued his convictions were against the manifest weight of the evidence.[2] The R&R explained at length the difference between the "manifest weight of the evidence" and "sufficiency of the evidence" inquiries but also explained why Petitioner's second ground is not procedurally defaulted. Essentially, a "manifest weight of the evidence" inquiry is broader and allows the reviewing court more leeway to "sit as the thirteenth juror". R&R 11–13, ECF No. 14 (citing cases). So, "if a verdict is not against the manifest weight of the evidence, logically there must be sufficient evidence to support the verdict." *Tucker v. Warden, Belmont Corr.*

---

[2] As explained in detail in the R&R, by presenting the "manifest weight of the evidence" argument to the state appellate court, Petitioner did not procedurally default his legal sufficiency arguments. No one timely objected to that portion of the R&R, and the Court **ADOPTS** the same.

*Inst.*, No. 1:20-CV-628, 2021 WL 1721059, at *5 (S.D. Ohio Apr. 30, 2021), *report and recommendation adopted*, No. 1:20CV628, 2021 WL 1964698 (S.D. Ohio May 17, 2021) (citing cases). The take-away is that if the state appellate court did not unreasonably determine that Petitioner's conviction was not against the manifest weight of the evidence, habeas relief based on insufficiency of the evidence is likely unwarranted. *Cf. Dixon v. Harris*, No. 21-3164, 2021 WL 3732780, at *2 (6th Cir. Aug. 18, 2021) (denying a certificate of appealability in a § 2254 case because no reasonable jurist could disagree with the district court's rejection of a sufficiency-of-the-evidence claim where it reasoned that "because the state court found that [the petitioner's] convictions were not against the manifest weight of the evidence, it necessarily found that the evidence was constitutionally sufficient to support the convictions").

For habeas challenges to the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in the original) *superseded on other grounds by* 28 U.S.C. § 2254(d). Thus, for these types of challenges, "the law commands deference at two levels." *Tucker v. Palmer*, 541 F.3d 652, 656 (6th Cir. 2008). The first level is to the "trier-of-fact's verdict, as contemplated by *Jackson*." *Id*. The second level is to the state appellate court's "consideration of the trier-of-fact's verdict, as dictated by AEDPA." *Id*. (citing cases). Because of these two levels of

deference, "*Jackson* claims face a high bar in federal habeas proceedings." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (per curiam).

As quoted by the R&R, the evidence at trial included witness testimony about the night of the shooting, DNA evidence, video footage of the shooting, photographs, cell phone data analysis, and physical evidence including the gun used in the shooting. *Stewart*, 2020 WL 6799146, at *1–4. In the state appellate court, Petitioner argued that his convictions were against the manifest weight of the evidence. *See id.* at *9. The state appellate court disagreed. *Id.* at *9–10. In finding that the convictions were not against the manifest weight of the evidence, the state appellate court cited to Petitioner's DNA on the murder weapon and a baseball hat found near the crime scene, various witnesses' testimony, cell phone and internet search data, and the location of the shooting. *Id*. The state appellate court summarized its conclusion as follows:

> All of appellant's challenges to the circumstantial nature of the evidence were matters that were presented to the jury, which was in the best position to evaluate the evidence presented at trial, including assessing the credibility of the witnesses. After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of witnesses, we conclude that the jury did not clearly lose its way or create such a manifest injustice that appellant's convictions for purposeful and felony murder and related firearm specifications must be reversed and a new trial ordered.

*Id.* at *10 (cleaned up).

Petitioner does not meet the "high bar" necessary for success on a *Jackson* claim. *Coleman*, 566 U.S. at 651. All of Petitioner's objections about the circumstantial nature of the evidence essentially ask this Court to re-weigh

the evidence and come to a different result. If the Court did so, it would not only fail to give proper deference to the jury's verdict, it would also fail to give proper deference to the state appellate court's careful examination of the evidence. The Court cannot do so. See *Palmer*, 541 F.3d at 656.

In addition, Petitioner's arguments about the inadequacy of circumstantial evidence are misplaced. Although there "is a strong popular sense that somehow circumstantial evidence is weaker than direct evidence, [ ] the law does not recognize that distinction." *Tucker v. Warden*, 2021 WL 1721059, at *6. Said another way, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger*, 595 F.3d 647, 656 (6th Cir. 2010) (citation omitted). So, even setting aside the deference owed to the state appellate court, the substantial amount of witness testimony, the technical and scientific analysis, and the physical evidence presented at trial was sufficient for a rational trier of fact to find Petitioner guilty beyond a reasonable doubt. Accordingly, Petitioner's objections as to Ground Two are unpersuasive, and the Court agrees with the R&R that Ground Two should be dismissed.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court now considers whether to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(1).

When a claim has been denied on the merits—as in this case—a certificate of appealability may issue only if the petitioner "has made a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

The Court is not persuaded that reasonable jurists would debate the dismissal of this action. The Court therefore **DECLINES** to issue a certificate of appealability.

### VI. CONCLUSION

For these reasons, Petitioner's objections are **OVERRULED**. Both R&Rs are **ADOPTED**. The Clerk is **DIRECTED** to enter judgment for Respondent and close the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**